Same decision as in *Matter of Howard* v. *Higgins* (245 App. Div. 857).

In the Matter of the Application of HAROLD S. W. MACFARLIN, Appellant, for a Peremptory Order of Mandamus against THOMAS P. O'LEARY, as City Clerk of the City of Rochester, N. Y., Respondent.

Fourth Department, June 26, 1935.

*Eugene Raines*, for the appellant.

*Harold P. Burke*, for the respondent.

CROSBY, J. This is an appeal from an order of the Special Term denying a motion for a peremptory mandamus requiring the city clerk of the city of Rochester to examine certain petitions filed with him for the recall of four councilmen and to certify as to their compliance with the local law of said city. The petitions are filed pursuant to sections 37 to 41 of the local law (Local Law, No. 4, 1925) for the government of the city of Rochester passed pursuant to the so-called Home Rule Amendment to the Constitution of the State (Art. 12, §§ 1–7).

Sections 1–20 of such local law provide for the nomination and election of councilmen, and sections 37–41 provide for their recall. Section 40 reads as follows:

" Effect of recall petitions. The effect of the filing of a sufficient recall petition is to require the name of the councilman, whose recall is sought, to be placed on the ballot at the following general municipal election. A candidate to oppose such councilman shall be selected at the primary election preceding the general municipal election in accordance with the provisions of *article one of this local law*. In case the councilman whose recall is sought shall, prior to the primary election, file with the board of elections a notice that he declines to be a candidate at the recall election, the names of the two candidates receiving the highest vote at the primary election shall be placed on the ballot."

Since sections 1–20 (constituting article I) of the local law have been declared invalid (*Bareham* v. *City of Rochester*, 246 N. Y. 140), sections 37–41 fail of means of execution. The recall election cannot be held " in accordance with the provisions of article one of this local law " (to use the language of section 40), for the reason that article I has been annulled by the decision in the *Bareham* case; and such election cannot be held in accordance with the General Election Law, because such law makes no provision for placing upon the ballot the name of any candidate not nominated by a political party or by independent nomination.

Furthermore, we think that appellant takes too narrow a view of what was decided in the *Bareham* case. To be sure the Court of Appeals, in its opinion, speaks of sections 1–20 of the local law as the sections particularly condemned, for those are the sections that

provide for the nomination and election of councilmen, but the opinion, as well as the judgment following the Court of Appeals' decision, states " the local law to be invalid insofar as it supersedes the provisions of the Election Law," etc., and does not confine the decision of invalidity merely to sections 1–20. Section 40 supersedes the Election Law and likewise falls under the condemnation of the decision in the *Bareham* case.

The order appealed from should be affirmed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order affirmed, with costs as a matter of law and not in the exercise of any discretion. Motion for appeal to the Court of Appeals granted.